IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MICHAEL S. GORBEY,                    )
                                      )
            Petitioner,               )
                                      )
                                      )        CIV-12-1331-HE
v.                                    )
                                      )
WARDEN, OKLAHOMA CITY                 )
TRANSFER CENTER,                      )
                                      )
            Respondent.               )

REPORT  AND  RECOMMENDATION

Petitioner, a District of Columbia prisoner in the custody of the United States Bureau

of Prisons ("BOP"), filed a Petition on November 30, 2012, pursuant to 28 U.S.C. § 2241,

naming the Warden of the Oklahoma Transfer Center as the sole Respondent. (Doc. #1).  On

December 11, 2012, Petitioner filed an Amended Petition. (Doc. # 10).  A response to the

Amended Petition is pending.  The matter has been referred to the undersigned Magistrate

Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

On December 11, 2012, Petitioner filed a Motion for Temporary Injunction. (Doc. #7).

In this Motion, Petitioner requests that the Court enter an order preventing BOP from

transferring him from the Oklahoma Transfer Center.  In a notice to the Court filed January

3, 2013, Petitioner advised the Court that he had been transferred on December 13, 2012, to

the Federal Transfer Center located in Atlanta, Georgia.

To obtain a preliminary injunction, Plaintiff must establish that four factors weigh in

his favor: "(1) [he] is substantially likely to succeed on the merits; (2) [he] will suffer irreparable injury if the injunction is denied; (3) [his] threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction would not be adverse to the public interest." Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC, 562 F.3d 1067, 1070 (10th Cir. 2009); *see also* Fed.R.Civ.P. 65; Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008).  "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." Greater Yellowstone Coal. v. Flowers, 321 F.3d 1250, 1256 (10th Cir. 2003).

Moreover, the purpose of a preliminary injunction is to "preserve the relative positions of the parties until a trial on the merits can be held," Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981), and, therefore, "injunctions that disrupt the status quo are disfavored and must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." Beltronics, 562 F.3d at 1070 (quotation omitted).  A preliminary injunction "grant[s] intermediate relief of the same character as that which may be granted finally." De Beers Consol. Mines v. United States, 325 U.S. 212, 220 (1945).  When the movant seeks intermediate relief beyond the claims in the complaint, the court has no authority to enter a preliminary injunction.

Petitioner seeks relief in the form of a mandatory injunction preventing his transfer from the Oklahoma Transfer Center, and the Court's record shows that Petitioner was transferred by BOP to another facility two days after the Motion was filed.  The Court has no authority to grant Petitioner's request for a mandatory injunction that is wholly unrelated

to the claims in his Amended Petition, and in any event his request for a preliminary injunction preventing his transfer to another BOP facility is mooted by his subsequent transfer.  Accordingly, the Motion for Temporary Injunction should be denied.

RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petitioner's Motion for Temporary Injunction (Doc. # 7) be DENIED.  Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by ___March 18th___, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling.  Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation does not dispose of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this ___25th___ day of ___February___, 2013.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE