IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL S. GORBEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIV-12-1331-HE |
| v. | ) | |
| | ) | |
| WARDEN, FEDERAL TRANSFER CENTER, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

SUPPLEMENTAL REPORT AND RECOMMENDATION

In November 2012, Petitioner, a District of Columbia prisoner appearing *pro se* and *in forma pauperis*, filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. In December 2012, Petitioner filed an Amended Petition. (Doc. # 10). Respondent filed a response to the Amended Petition and a supplemental response. (Docs. # 27, 33). Petitioner has filed three replies as well as "Exhibits in Support" of his Amended Petition. (Docs. # 29, 37, 38, 40). The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Petition be denied in part and dismissed in part without prejudice.

I. Background

Petitioner is confined pursuant to a judgment of conviction entered in the Superior Court for the District of Columbia in August 2008, Case No. 2008-CF2-1552. He is serving

an aggregate 264-month term of imprisonment for his convictions of unlawful possession of a firearm by a convicted felon; carrying a dangerous weapon outside the home or business (shotgun and sword) (two counts); possession of an unregistered firearm; unlawful possession of ammunition (eight counts); manufacture, transfer, use, possession, or transportation of explosives for an unlawful purpose; and attempted manufacture or possession of a weapon of mass destruction. Gorbey v. United States, 54 A.3d. 668, 676 (D.C. 2012).

Petitioner appealed his convictions and sentence and also filed a motion in the trial court pursuant to D.C. Code § 23-110 collaterally challenging his convictions and sentence, which the trial court denied. In Gorbey, supra, the District of Columbia Court of Appeals consolidated the direct appeal and the trial court's denial of his § 23-110 motion. In September 2012, the court issued a lengthy opinion addressing the merits of each of Petitioner's claims. Petitioner has asserted many of the same claims in the instant action. The appellate court affirmed some of Petitioner's convictions but found merit to several of Petitioner's claims, including a claim that the trial court should have conducted further inquiry concerning Petitioner's competency only with respect to the sentencing proceeding conducted on August 15, 2008. The court remanded the case to the trial court (1) to conduct the necessary inquiry and for possible resentencing and (2) to vacate one of Petitioner's carrying a dangerous weapon convictions, his unlawful possession of ammunition conviction for possession of a .45 caliber round, and all but one of his other unlawful possession of ammunition convictions. Id. at 707.

At the time he filed the Petition and Amended Petition in this action, Petitioner was in the custody of the United States Bureau of Prisons ("BOP")[1] and temporarily confined at the Federal Transfer Center in Oklahoma City, Oklahoma. Petitioner was transferred in March 2013 pursuant to a writ to the District of Columbia jail. In his notice of change of address, Petitioner states he is being held in the District of Columbia jail pending resentencing. Petitioner's Notice of Change of Address (Doc. # 30). Petitioner states that he has been assigned by BOP to the United States Penitentiary in McCreary, Kentucky ("USP McCreary").

II. Claims

Petitioner asserts twelve grounds for relief in his Amended Petition. Petitioner asserts in ground one that his "present designation to USP McCreary or any USP high security facility is unjustified and is a quantum change in the level of his confinement." Amended Petition, at 6. In this claim, Petitioner challenges on due process grounds a BOP decision that he is a greater security risk, resulting in his custody status being raised to high security and his inability to transfer to a lower security facility.

In ground two, Petitioner asserts that his due process rights were violated in an institutional disciplinary proceeding conducted in August 2012 in which he was found guilty of a misconduct. He alleges he is actually innocent of the misconduct of Interfering with

---

[1]Pursuant to the District of Columbia Revitalization Act of 1997, Pub. L. 105-33, 11 Stat. 251 (Aug. 5, 1997), and D.C. Code § 24–101(a), Petitioner was assigned to serve his sentence in BOP facilities.

3

Staff in the Performance of Duties, which he identifies as "Incident Report # 2291142," and that he was denied an appeal of the disposition of the misconduct because he was not provided a copy of the disposition.

In the remaining ten grounds for habeas relief, set forth in grounds three through twelve of the Petition, Petitioner challenges the validity of his 2008 convictions in the District of Columbia Superior Court. In grounds three and four, Petitioner contends that he is actually innocent of the District of Columbia Superior Court convictions because his prosecution violated the District of Columbia Court Reform and Criminal Procedure Act of 1970. He alleges the charges were "Federal by nature" and he therefore should have been prosecuted in federal court rather than in Superior Court.

In ground five, Petitioner alleges the District of Columbia "Reit Act" violates the Commerce Clause and the Extradition Clause of the Constitution and renders his convictions illegal. In ground six, Petitioner contends that there was insufficient evidence to support the charges. In ground seven, Petitioner contends that he was denied a fair trial because voir dire of the jury venire was conducted "behind closed doors," the jury was not representative of his African-American race, the jury was "full of people either personally or employed [sic] related to authorities," and his standby counsel did not advise Petitioner "to object." In ground eight, Petitioner contends that he was denied effective assistance of appellate counsel because his appellate counsel failed to raise any of the previous grounds in Petitioner's "pre-appeal § 23-110 motion" or in his direct appeal. Amended Petition, at 11.

In ground nine, Petitioner contends he was denied a fair trial by an impartial jury

because several jury members "had redations [sic] to news press stations and or authorities" and one jury member expressed animosity toward Petitioner to other jury members and to a court clerk. Amended Petition, at 12. In ground ten, Petitioner contends that his due process right to a fair trial was violated when he was shackled during trial. In ground eleven, Petitioner contends he was denied a fair sentencing because the presentence investigation report contained false statements, and Petitioner's attorney did not object. In ground twelve, Petitioner contends he should have been sentenced to concurrent terms of imprisonment under Section 6.2 of the District of Columbia's sentencing guidelines.

III. Lack of Jurisdiction Over Claims Challenging Convictions and Sentence

With respect to Petitioner's habeas challenges to his 2008 convictions in the District of Columbia Superior Court in grounds three through seven and nine through twelve, the claims should be dismissed for lack of jurisdiction. Pursuant to District of Columbia ("DC") Code § 23-110, a prisoner in custody under a sentence entered in the DC Superior Court must file a motion under § 23-110 in order to challenge his or her sentence.

The Supreme Court has addressed this provision in Swain v. Pressley, 430 U.S. 372 (1977):

> Congress enacted § 23-110(g) as part of the District of Columbia Court Reform and Criminal Procedure Act of 1970, 84 Stat. 608; that Act created a new local court system and transferred in its entirety the Federal District Court's responsibility for processing local litigation to the Superior Court of the District of Columbia.
> Section 23-110 of the Code established a procedure for collateral review of convictions in the Superior Court; the procedure is comparable to that authorized by 28 U.S.C. § 2255

5

for the United States district courts.

Id. at 375. Under this provision, a prisoner seeking to collaterally challenge a District of Columbia Superior Court conviction or sentence must do so by filing a motion in the Superior Court and, if unsuccessful there, must appeal the decision to the District of Columbia Court of Appeals. D.C. Code §§ 23-110(a), (f). The statute also provides a "savings clause" mechanism which states that a habeas petition filed by a prisoner "who is authorized to apply for relief by motion pursuant to [§ 23-110] shall not be entertained by . . . any Federal or State court if it appears that the . . . Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g).

The Supreme Court in Swain held that the statute provides an adequate and effective remedy and does not suspend the writ within the meaning of the Constitution. Id. at 381-384. The Court also held that the federal district court was prohibited by the statute from reviewing a prisoner's habeas petition challenging his Superior Court conviction.

Federal habeas review is available to Petitioner only if he demonstrates that the § 23-110 remedy is "inadequate or ineffective" to test the legality of his confinement under his District of Columbia convictions and sentence. A lack of success in a § 23-110 motion in the District of Columbia Superior Court or on appeal to the District of Columbia Court of Appeals does not render the § 23-110 remedy inadequate or ineffective. Garris v. Lindsay, 794 F.2d 722, 727 (C.A.D.C. 1986). As the court in Garris explained, "[i]t is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative, and appellant's

difficulty here is simply that his circumstances preclude him from invoking it." Garris, 794 F.2d at 727.

The District of Columbia Court of Appeals has held that even "stand-alone" claims associated with Herrera v. Collins, 506 U.S. 390 (1993), or "gateway" innocence claims associated with Schlup v. Delo, 513 U.S. 298 (1995), may be brought in District of Columbia Superior Court under § 23-110, and therefore a litigant attempting to raise either of these innocence claims cannot obtain federal habeas review. Ibrahim v. United States, 661 F.3d 1141, 1145-1146 (C.A.D.C. 2011). See Autrey v. United States, Case No. 12-1205, 2012 WL 3018026 (D.D.C. July 23, 2012)(unpublished op.)(holding D.C. Code § 23-110(a)(1) "provides an adequate remedy for D.C. prisoners to pursue claims of actual innocence," and the court therefore lacked authority to entertain D.C. prisoner's petition alleging his actual innocence of judgment of conviction entered by the Superior Court of the District of Columbia).

A prisoner serving a District of Columbia Superior Court sentence may, however, bring a federal habeas petition alleging ineffective assistance of appellate counsel because the District of Columbia Court of Appeals has held that challenges to the effectiveness of appellate counsel may not be brought pursuant to § 23-110, but must instead be raised through a motion to recall the mandate in that court, thereby rendering the § 23-110 remedy inadequate with respect to this claim. Williams v. Martinez, 586 F.3d 995, 998-999 (C.A.D.C. 2009).

With respect to Petitioner's claims in grounds three through seven and nine through

twelve, Petitioner's sole collateral remedy to challenge his convictions and sentence is D.C.Code § 23-110, and this Court lacks jurisdiction to consider the merits of his claims challenging his D.C. Superior Court convictions and sentence unless the § 23-110 remedy is "inadequate or ineffective to test the legality of his detention."

With respect to his claims in grounds three through seven and nine through twelve, Petitioner has not demonstrated that his remedy under D.C. Code § 23-110 is inadequate or ineffective. In fact, according to Petitioner, he has been at least partially successful in previous collateral attacks upon his District of Columbia Superior Court convictions and sentence, and he is currently awaiting resentencing in his criminal case.

The statutory remedy is not inadequate or ineffective merely because his previous request for relief under this provision was partially unsuccessful. See Garris, 794 F.2d at 727. Petitioner has not asserted any claims that he could not have raised in his previous § 23-110 case. See Prost v. Anderson, 636 F.3d 578, 584 (10th Cir. 2011)(regarding 28 U.S.C. § 2255(e)'s comparable savings clause, prisoner cannot proceed with § 2241 habeas petition unless he shows § 2255 remedy is inadequate or ineffective to test validity of his conviction, and test is "whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion"). Consequently, Petitioner's claims in grounds three through seven and nine through twelve should be dismissed without prejudice for lack of jurisdiction. See Abernathy v. Wandes, 713 F.3d 538, 557 (10th Cir. 2013)("[W]hen a federal petition fails to establish that he has satisfied § 2255(e)'s savings clause test - thus, precluding him from proceeding under § 2241 - the court lacks statutory jurisdiction to hear

8

his habeas claims.").

IV. Exhaustion of Available Remedies As To Claim of Ineffective Assistance of Appellate Counsel

With respect to Petitioner's claim of ineffective assistance of appellate counsel asserted in ground eight of the Petition, Petitioner has not shown that he exhausted his available remedies in the District of Columbia courts or that exhaustion is futile. See Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010)(exhaustion of available remedies is a prerequisite for § 2241 habeas relief). Therefore, this claim should be dismissed without prejudice for failure to demonstrate exhaustion of available remedies.

V. Custody Status

Petitioner contends in ground one of the Amended Petition that BOP officials at the Federal Correctional Institution in Otisville, New York ("FCI Otisville"), where he was previously confined, determined he was a greater security risk by applying a "management variable." Petitioner alleges that this decision was arbitrary and retaliatory and has resulted in a "quantum change in his level of confinement" in violation of due process. Amended Petition, at 6.

Respondent contends that this Court is without jurisdiction to consider Petitioner's classification and transfer claims because Petitioner is actually challenging the conditions of his confinement, rather than the "fact or duration of [his] confinement," and the Court lacks

jurisdiction to consider these claims.[2] Response, at 7-8. Petitioner responds that he is challenging the "level of his confinement" rather than the location of his confinement, and therefore § 2241 provides the appropriate remedy for his claim. Petitioner's Response (Doc. # 29), at 10.

"[A] request by a federal prisoner for a change in the place of confinement is properly construed as a challenge to the conditions of confinement and, thus, must be brought pursuant to [Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971)]." United States v. Garcia, 470 F.3d 1001, 1003 (10th Cir. 2006). In Palma-Salazar v. Davis, 677 F.3d 1031 (10th Cir. 2012), the Tenth Circuit Court of Appeals explained that "[t]he fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Id. at 1035 (internal quotations and citation omitted). The petitioner in Palma-Salazar, like Petitioner, seeks "a change in the place of his confinement" in ground one of the Petition. Id. at 1036.

Here, as in Palma-Salazar, Petitioner has alleged only conclusory statements of changes in the conditions of his confinement after the alleged "management variable" decision was made by FCI Otisville prison officials. As such, his claim seeking "a change in the place of his confinement" is a challenge to the conditions of his confinement that must

---

[2]Alternatively, Respondent contends that Petitioner's claim has no merit because he has no constitutional right to be transferred to or placed in any particular correctional facility or custody classification. The Court should decline to address this issue in light of the recommended disposition of the claim.

10

be brought pursuant to Bivens, and this Court therefore lacks jurisdiction under 28 U.S.C. § 2241 to consider the claim. Id. at 1038.

VI. Due Process and Institutional Misconduct

In count two of the Amended Petition, Petitioner contends that he was denied due process in connection with an institutional disciplinary proceeding conducted at FCI Otisville in August 2012 in which he was found guilty of a misconduct involving interference with the duties of a prison staff member. He contends he is "actually innocent" of BOP "Incident Report # 2291142" and that he was unable to appeal the disciplinary misconduct because he was not given a copy of the disposition of the misconduct. Amended Petition, at 6. As factual support, Petitioner contends that he refused to enter a cell with a "gang member" he "has separations from" and was then falsely charged with a misconduct, that he was found guilty of the misconduct in a hearing, and that he was never provided a copy of the report of the disciplinary hearing officer ("DHO"). Id., at 6.

The record reflects that Petitioner was charged in an incident report dated April 12, 2012, with the offense of Assault Any Person Less Serious, Refusing Programs, Order, for allegedly refusing a cell change order and physically resisting the officials. In a hearing conducted on August 8, 2012, Petitioner was found guilty of the misconduct of Interference with Staff in the performance of their Duties, Most Like an Assault. His punishment for the misconduct conviction included the forfeiture of 27 days of good conduct time.

In Respondent's responsive pleading, Respondent asserts that Petitioner was given a copy of the relevant DHO report on February 7, 2013, although FIC Otisville prison staff

could not locate a signed copy of the report and therefore Petitioner received only an unsigned copy of the report. In a Supplement to the Response, Respondent asserts that Petitioner has since appealed the misconduct conviction and the incident report concerning the misconduct was remanded to his current facility for a rehearing.

The record contains a notice from BOP's Regional Director for the Mid-Atlantic Region dated March 15, 2013, informing Petitioner that his appeal of a "DHO decision of August 8, 2012, for Interfering with Staff in the Performance of Duties (Code 298), most like Assault (Code 224)" was granted, and that the incident report was being remanded to the institution for a rehearing. Supplement to Response (Doc. # 33), Ex. 1, Att. 4. Petitioner was given 30 days to appeal the decision to BOP's General Counsel. Id.

Petitioner admits that he received a copy of the DHO report, that he appealed the misconduct decision, and that BOP officials determined that the incident report concerning the misconduct has been remanded for rehearing. However, he contends that the decision in his misconduct appeal to remand the incident report for rehearing does not moot his due process claims because he has already suffered a transfer to another facility and "point manipulations" as a result of the original misconduct decision, and further that any rehearing conducted at his current facility, USP McCreary, "will be clearly unconstitutional because Gorbey will have (no) access to his witnesses and will probibly [sic] result in another unjustified conviction sending Gorbey on another wild goose chase appeal." Petitioner's

Reply to Respondent's Supplemental Response (Doc. # 37), at 2.[3]

Petitioner is not seeking damages in this habeas action. He requests only the expungement of the misconduct decision issued in 2012 at FCI Otisville. With BOP's administrative decision to remand the incident report for rehearing, Petitioner has obtained the only relief he sought, which is setting aside the misconduct conviction, and he has not shown he will be unable to obtain due process in the rehearing or that he will be unable to seek administrative or judicial review of any new adverse misconduct decision. Thus, the issue raised in ground two of the Amended Petition should be denied as it is moot.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Petitioner's claims in grounds one, three through seven, and nine through twelve of the Amended Petition be DISMISSED

---

[3] In his Reply and Supplemental Reply, Petitioner makes new allegations, including a denial of medical treatment at correctional facilities in New York, that were not alleged in his Amended Petition. This Court should not address any claims presented for the first time in a responsive pleading. Additionally, this Court would have no personal jurisdiction over the parties who allegedly participated in these constitutional deprivations. Thus, it would be futile to allow Petitioner to amend his Amended Petition to raise these new claims. See Whitney v. New Mexico, 113 F.3d 1170, 1173 (10th Cir. 1997)(dismissal of a pro se litigant's complaint for failure to state a claim "is appropriate only where it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [him] an opportunity to amend [his] complaint would be futile")(quotation omitted); Grossman v. Novell, Inc., 120 F.3d 1112, 1126 (10th Cir. 1997)("Although Fed.R.Civ.P. 15(a) provides that leave to amend shall be given freely, the trial court may deny leave to amend where amendment would be futile.").

WITHOUT PREJUDICE for lack of jurisdiction, that his claim in ground eight of the Amended Petition be DISMISSED WITHOUT PREJUDICE for lack of exhaustion, and that his claim in ground two be DENIED as moot.

The parties are advised of their respective right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by July 29th, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this 9th day of July, 2013.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE