# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL S. GORBEY, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | Case No. CIV-12-1331-HE |
| ) | |
| WARDEN, FEDERAL TRANSFER ) | |
| CENTER, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Petitioner Michael S. Gorbey, a District of Columbia prisoner appearing *pro se* and *in forma pauperis*, brings this habeas corpus petition pursuant to 28 U.S.C. § 2241. Consistent with 28 U.S.C. §636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Gary M. Purcell, who concluded that the petition should be denied in part and dismissed in part without prejudice. As petitioner objected to the Report and Recommendation, the court has conducted a de novo review of the magistrate judge's determination.

Petitioner asserts twelve grounds for relief in his habeas petition. In ground one, he contests on due process grounds a Bureau of Prisons decision to elevate his security risk resulting in his inability to transfer to a lower security facility.

In ground two, he contests the constitutionality of an August 2012 institutional disciplinary proceeding which found him guilty of misconduct, arguing that he is actually innocent of the charges and was denied an appeal of that decision.

In ground three, petitioner asserts that he is actually innocent of his District of Columbia Superior Court convictions on the basis that the convictions violate the District of Columbia Court Reform and Criminal Procedure Act of 1970.

In ground four, he argues that the convictions were improper because he should have been charged in federal court.

In ground five, petitioner argues that the "District of Columbia Revitalization of the Balanced Budget [sic] Act of 1997" violates the commerce and extradition clauses because "shipping D.C. state convicted prisoners to federal prisons across state lines against the prisoners' will and without their consent" violates their individual rights. [Doc. # 10, pg. 8].

In ground six, petitioner asserts that he is actually innocent of the D.C. "explosive charges" on the basis that there was insufficient evidence to convict him of the alleged crimes.

In ground seven, petitioner argues that his "constitutional right to a public trial was violated by voir dire jury selections being conducted behind closed doors, as part of a conspiracy." [Doc. # 10, pg. 10].

In petitioner's eighth ground for relief, he asserts that his appellate counsel provided ineffective assistance because the attorney did not raise any of the aforementioned grounds on appeal.

In ground nine, petitioner argues that he was denied his Sixth Amendment right to a trial by impartial jury based on alleged relationships between jury members and "news press stations and or authorities." [Doc. #10, pg. 12].

In ground ten, petitioner argues that his Fifth and Fourteenth Amendment rights were violated by his being shackled during his trial and sentencing.

In ground eleven, petitioner claims that he was denied a fair sentencing because the sentencing report contained allegedly false statements to which his appointed counsel did not object.

In ground twelve, petitioner argues that he should have been sentenced to concurrent terms under the D.C. sentencing guidelines.

The magistrate judge concluded that grounds three through seven and nine through twelve should be dismissed for lack of jurisdiction. The magistrate judge noted that collateral challenges to a District of Columbia Superior Court conviction or sentence must be made pursuant to D.C. Code § 23-110. In Swain v. Pressley, 430 U.S. 372 (1977), the Supreme Court "held that [] federal district court[s] [are] prohibited by the statute from reviewing a prisoner's habeas petition challenging his Superior Court convictions." [Doc. #41, pg. 6]. Habeas relief is only available where a prisoner can show that his remedy under § 23-110 would be "inadequate or ineffective." The court agrees with the magistrate judge's determination that petitioner has made no such showing. The petition will be dismissed for lack of jurisdiction as to grounds three through seven and nine through twelve.

With respect to ground eight, the magistrate judge recommended that the claim be dismissed without prejudice for failure to exhaust available remedies. Petitioner argues that he has exhausted his remedies, that he currently has a motion pending before the D.C. Court of Appeals, and that case law supports the stay of his habeas proceeding pending the outcome

of his D.C. Court of Appeals motion, citing <u>Streater v. Jackson</u>, 691 F.2d 1026 (D.C. Cir. 1982). Petitioner's reliance on <u>Streater</u> is misplaced. The <u>Streater</u> court based its decision on a lack of local relief, not on the fact that the petitioner had a pending motion before the D.C. Court of Appeals. Here, petitioner's remedies have not been foreclosed, and he has not otherwise demonstrated that such remedies are inadequate or ineffective. The court agrees with the magistrate judge's determination, and the petition will be dismissed as to ground eight without prejudice.

With respect to ground one, the magistrate judge recommended that the petition be dismissed for lack of jurisdiction. As the magistrate judge discussed, a challenge to the place of confinement is essentially a challenge to the conditions of confinement, which must be brought pursuant to <u>Bivens</u>, 403 U.S. 388 (1971), not pursuant to a habeas petition. The court agrees with the magistrate judge's recommendation, and the petition will be dismissed for lack of jurisdiction as to ground one.

In ground two, the magistrate judge determined that the petition should be denied as moot because petitioner has already obtained the relief he sought. The court agrees. Petitioner's misconduct conviction has been set aside pending a rehearing, and he has been provided with copies of the documents he requested. Further, petitioner has not demonstrated that he will be unable to obtain due process in the rehearing. The petition will be denied in regards to ground two.

Petitioner has two other motions pending before the court: a motion to amend his habeas petition and a "motion to stay proceedings pending the resolution of his pending D.C.

4

motion to recall the mandate." As previously stated, a stay is inappropriate here because petitioner's remedies have not been foreclosed, and he has not otherwise demonstrated that such remedies are inadequate or ineffective. Accordingly, the motion to stay will be denied. Further, because the court has concluded that it does not have jurisdiction to entertain his habeas petition, and because his claims will be dismissed without prejudice, the motion to amend will be denied.

For the reasons stated, and after conducting a de novo review, the court **ADOPTS** the Report and Recommendation [Doc. #41]. Petitioner's petition for habeas relief [Doc. #10], as to grounds one, three through seven, and nine through twelve, is **DISMISSED** without prejudice for lack of jurisdiction. The petition in ground eight is **DISMISSED** without prejudice for failure to exhaust. The petition is **DENIED** as moot as to ground two. Petitioner's motion to stay [Doc. #43] and motion to amend his habeas petition [Doc. #44] are **DENIED**. Defendant's motion for extension of time [Doc. #45] is **STRICKEN AS MOOT**.

**IT IS SO ORDERED**.

Dated this 18th day of November, 2013.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

5